

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. 0-7454

Re: Construction of Articles
6166z-1 and 6196 of the Civ.
Stat. Vernon's codification.

You request an opinion from this department upon the above subject matter, as follows:

"In connection with our current audit of the records of the Texas Prison System we respectfully request your opinion on the following:

"The personnel of the Prison System seems to us to be confused on Articles 6166z1 and 6196, as to the payment of discharge moneys to convicts. Their practices are:

"Upon his discharge at the expiration of his sentence, the convict is paid $25.00 if he has served less than one year, $50.00 for over one year and under ten years, $75.00 for over ten years and under twenty years, and $100.00 if over twenty years. These moneys are paid out of Legislative appropriations, more specifically, the Convicts Discharge Revolving Fund. Such convicts are also issued discharge clothing.

"When a convict is released on a Conditional Pardon he receives clothing and $5.00 paid out of the Legislative funds (Convicts Discharge Revolving Fund) and a railroad or bus ticket from Huntsville to the County seat of the County to which he has been paroled. He is not paid the additional $3.00 cited in Article 6196.

"When a convict is released on Reprieve he is not furnished with Prison clothing (the usual khaki pants, shirt, etc.) but is given only such make-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

shift clothing as can be found in the Prison Store in Huntsville, in most cases cast-off clothing taken from incoming convicts. If such convict has no money, he is furnished with a railroad or bus ticket from Huntsville the same as for those given Conditional Pardons. The Prison purchases this ticket out of its Educational and Recreational Fund which is not a Legislative appropriation. This Fund is created by Cash receipts from the Prison Rodeo, visitors fees, etc.

"Questions:

"1. Does Article 6166z1 repeal Article 6196?

"2. Regardless of how you rule on question 1, is the Prison System complying with existing statutes under the present practices described above? And if not, please tell us and them your opinion as to what are the statutorily required practices."

1. Article 6196 was repealed by House Bill No. 59, ch. 212 of the 40th Legislature, 1927, in Section 1, as follows:

"All of Title 108 of the Revised Civil Statutes of 1925 except Article 6203 thereof is in all things hereby repealed."

2. We hand you herewith copy of this department's Opinion No. 0-1850, which we think will answer many if not most of your questions. Supplementing this opinion, however, we beg to advise specifically as follows:

(a) As to the present practice of furnishing a convict released on conditional pardon with transportation "to the county seat of the county to which he has been paroled", we think the practice is in violation of Article 6203, Sec. 10, which requires that the ticket furnished be "from the place of his discharge to the place of his conviction and sentence".

(b) With respect to the practice of furnishing convicts released on reprieve with cast-off clothing taken from incoming convicts, we think that only such clothing as is voluntarily surrendered or discarded by the incoming convict may thus be given to prisoners released on reprieve.

152

(c) With respect to the practice of furnishing transportation to convicts released on reprieve out of the Educational and Recreational Fund, a fund created by cash receipts from the Prison rodeo, visitors fees, etc., we beg to advise that our statutes make no provision for furnishing transportation to convicts so released. We have been unable to find any statute providing for the creation of such fund, or the expenditure thereof. Since that fund is not defined by statute, or appropriated by the Legislature, its status is uncertain. It is evidently a trust fund created and held for certain purposes. If one of those purposes is to furnish transportation to convicts released on reprieve, we are not prepared to hold such an expenditure is unauthorized.

The presence of Article 6196 in the statute book perhaps has led to your question as to repeal of that Article. You will see from our Opinion No. 0-1850, that we have held the attempt to amend that Article after it had been repealed was ineffective to restore it.

APPROVED NOV 6 1946

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

OS-MR

